# IN THE UNITED STATES DISCTRICT COURT
# EASTERN DISTRICT OF VIRGINIA

Erik B. Cherdak
149 Thurgood Street
Gaithersburg, Maryland 20878

*Plaintiff,*

v.

RACK ROOM SHOES, INC.
8310 Technology Drive
Charlotte, NC 28262

*Defendant.*

Case No. 1:11cv169 AJT/JFA

COMPLAINT FOR PATENT INFRINGEMENT

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Erik B. Cherdak[1] (hereinafter "Plaintiff" or "Cherdak"), *Pro Se*, and in and for his Complaint against Defendant RACK ROOM SHOES, and states as follows:

## THE PARTIES

1. Plaintiff is an individual who resides in Gaithersburg, Maryland at the address listed in the caption of this Complaint.

2. On information and belief Defendant RACK ROOM SHOES is a corporation having a principal place of business as specified in the caption of this Complaint.

## JURISDICTION AND VENUE

3. This is an action for Patent Infringement under the Laws of the United States of America and, in particular, under Title 35 United States Code

---

[1] Although Plaintiff Cherdak is not licensed to practice law in Virginia, he is a registered patent attorney before the U.S. Patent and Trademark Office.

(Patents – 35 USC § 1, *et seq.* (The "U.S. Patent Act")). Accordingly, Jurisdiction and Venue are properly based under Sections 1338(a), 1391(b) and (c), and/or 1400(b) of Title 28 of the United States Code.

4. Defendant sells infringing lighted shoes through its own retail stores including those retail stores located in this judicial district and is therefore subject to this court's jurisdiction. On information and belief, Defendant RACK ROOM SHOES, owns and operates over twenty-five retail stores like and/or similar to a store located in Alexandria, Virginia, USA. Additionally, Defendant RACK ROOM SHOES operates a retail website at www.rackroomshoes.com which Defendant has made accessible to citizens of Virginia, USA 24 hours per day, 7 days per week and 365 days per year.

## FACTS

5. On July 6, 1993, Plaintiff filed a patent application entitled "Athletic Shoe with Timing Device" that resulted in the issuance of the '445 patent on August 30, 1994. On August 29, 1994, Plaintiff filed a Continuation type application also entitled "Athletic Shoe with Timing Device" which resulted in the issuance of the '269 patent on September 19, 1995. The Cherdak patents are directed, *inter alia*, to lighted shoes like those sold by the Defendant. The Cherdak patents have successfully gone through additional expert review before the USPTO during reexamination proceedings related to the same (USPTO Reexamination Proceeding Control Nos. 90/008,269, and 90/008,246, respectively). Those reexamination proceedings resulted, *inter alia*, in the confirmation of

many claims without amendment; many of said claims form the basis of the instant lawsuit. Both of the Cherdak patents are entitled "Athletic Shoe with Timing Device." Copies of the Cherdak patents and their corresponding reexamination certificates are attached at EXHIBITS 1-4.

6. The Defendant has in the past used, imported, distributed, sold and offered for sale, and continues to use, import, distribute, sell and offer for sale, infringing shoes such as those bearing the SAHARA™ brand trademark. **EXEMPLARY** infringing shoes sold by Defendant as late as September 13, 2010, include, *but are not limited to*, the SAHARA lighted JELLY FLOWER shoe (RACK ROOM SHOE product number 5510986) and the SAHARA™ lighted BUTTERFLY JELLY shoe (RACK ROOM SHOE product number 5511372), the SAHARA lighted LIL JELLY FLOWER shoe (RACK ROOM SHOE SKU number 425044). On information and belief, SAHARA is a store-brand of Defendant RACK ROOM SHOES. Plaintiff's investigation of the infringing shoes marketed and sold by defendant reveals discrepancies in model/SKU numbers, notwithstanding the fact that inspection of the inner workings of the lighting modules within shoes like or similar to those exemplary shoes noted herein reveals a clear case of patent infringement.

7. *The infringing shoes mentioned in this COMPLAINT are merely **Exemplary** infringing shoes and, on information and belief, Defendant does sell, does offer for sale, and does distribute other shoes now on store shelves (and which have been sold in the past) at least in*

*this judicial district of Virginia (USA) and/or throughout the United States.* Accordingly, the particular shoe model(s) identified in paragraph number 6, *supra,* are merely exemplary and do not constitute a full and complete identification of all infringing shoes which are contemplated by this Complaint for Patent Infringement and the instant lawsuit commenced hereby – *Due discovery in this case will reveal all infringing shoes used, made, imported, offered for sale, and/or sold by the Defendant individually and/or collectively with other parties.*

8. DEFENDANT RACK ROOM SHOES IS HEREBY ADVISED THAT THE PLAINTIFF, THE INSTANT LAWSUIT AND THIS COMPLAINT DO NOT SEEK REMEDIES IN CONNECTION WITH ANY ACTS OF PATENT INFRINGEMENT BY DEFENDANT RELATED TO LIGHTED SHOE PRODUCTS WHICH ARE MANUFACTURED BY AND/OR WHICH ARE SOURCED TO (SUPPLIED TO) DEFEDANT FROM ANY OF THE FOLLOWING PARTIES:

> COLLECTIVE BRANDS, INC. (/dba/ PAYLESS, INC.)
> BBC INTERNATIONAL, INC.
> STRIDE-RITE CORPORATION
> ESO ORIGINALS, INC.
> VIDA SHOES INTERNATIONAL, INC.
> CHAMELEON, INC.
> SKECHERS USA INC.
> TARGET STORES, INC. (A.K.A. TARGET BRANDS, INC.)
> THE WALT DISNEY COMPANY
> ELAN-POLO, INC.
> PUMA NORTH AMERICA, INC.
> DINOSOLES (A.K.A. SCULPTED FOOTWEAR)
> GEOX S.p.A.

## **COUNT I – PATENT INFRINGEMENT**

Paragraphs 1 through 8 are hereby incorporated by reference as though completely set forth herein.

9. Given the validity and corresponding enforceability of the Cherdak patents (U.S. Patent Nos. 5,343,445 and 5,452,269) against past, present, and future infringing acts and other activities prohibited under the U.S. Patent Act (35 USC § 1, *et seq.*), Plaintiff Cherdak, *inter alia*, possesses the right to pursue claims in connection with the Defendant's past, present, and future design, use, manufacture, importation, sale, offer for sale, and distribution of infringing shoes under 35 USC § 271(a), (b), and (c).

10. On information and belief Defendant has infringed, contributed to the infringement of, and/or induced the infringement of the Cherdak patents in violation of 35 USC § 271(a), (b), and (c) by its design, use, manufacture, importation, distribution, sale, and offer for sale of shoes including, **but not limited to**, the shoes identified in paragraph 6 *supra*.

11. On information and belief, Defendant has infringed the Cherdak patents in violation of 35 USC § 271(b) by actively inducing distributors, customers, and/or other retailers to infringe the Cherdak patents.

12. Such infringing acts on the part of Defendant have and continue to injure and damage Plaintiff. Accordingly, without the grant of adequate remedies at law and in equity, Defendant will be permitted to willfully infringe the Cherdak patents to Plaintiff's further detriment.

## PRAYER FOR RELIEF

*WHEREFORE*, Plaintiff Cherdak prays for judgment and relief against the Defendant as follows:

A. That permanent injunctions be issued against continued infringement of the '445 and '269 patents by Defendant and its parents, subsidiaries, officers, directors, employees, affiliates, representatives and agents, and all those acting in concert with or through Defendant, directly or indirectly, including, but not limited to, distributors, customers, and other retailers;

B. That an accounting be had for damages caused to Plaintiff Cherdak by Defendant's acts in violation of the U.S. Patent Act (35 USC § 1, *et seq.*) together with pre-judgment and post-judgment interest;

C. That damages be awarded in accordance with the U.S. Patent Act, 35 USC § 1, *et seq.*;

D. That any damages awarded in accordance with any prayer for relief be enhanced and, in particular, trebled in accordance with the U.S. Patent Act (35 USC § 1, *et seq.*) for Defendant's acts which are found to be willful acts of patent infringement; and

E. Such other and further relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiff hereby demands a TRIAL BY JURY on all issues so trialable.

Respectfully submitted,

_____
Erik B. Cherdak, Plaintiff –*Pro Se*
149 Thurgood Street
Gaithersburg, Maryland 20878
(202) 330-1994
Fax 1.240.235.7128
Email: efunds@yahoo.com

December 6, 2010